SHIPMAN, Circuit Judge.
In March, April, and May, 1895, the firm of Dan Talmage’s Sons imported into the port of New York sundry invoices of Patna or Bengal rice, upon which the collector assessed a duty of 1½ cents per pound, under the provisions contained in paragraph 198 of the tariff act of August 28, 1894. The paragraph is as follows:
“Rice cleaned, one and one half cents per pound, uncleaned rice, or rice free of the outer hull and still having the inner cuticle on, eight tenths of one cent per pound; rice flour and rice meal and rice broken which will pass through a sieve known commercially as No. 12 wire sieve, one fourth of one cent per pound; paddy, or rice having the outer hull on, three fourths of one cent per pound.”
The importers protested against the assessment upon the ground that the merchandise was uncleaned rice, and therefore dutiable, under the foregoing paragraph, at eight-ténths of one cent per pound, or that, if it was an unenumerated article, it was dutiable at the same rate by virtue of the provisions of section 4 of the same act (commonly known as the “similitude clause”), because it most resembled uncleaned rice in all material respects. The board of general appraisers sustained the collector, and the statement of facts which is contained in their opinion is conceded to be correct. From the decision of the circuit court (77 Fed. 826), which sustained the board of general appraisers, this appeal was taken by the importers.
By the board’s finding of facts, it apoears that Bengal rice contains from 3 to 5 per cent, of “rice polish,” otherwise known as “rice dust,” “rice flour,” or “rice meal,” and a small percentage of broken grains of rice, and prior to August 28, 1894, was known commercially as “uncleaned rice.” The outer and also the inner or yellow cuticle had been removed from the rice; the latter process being accomplished by pestling in mortars, which is the most expensive *888 of the various processes of milling rice. These milling processes are six in number:
“(1) The screening, or second threshing, given the rough rice, or ‘paddy,’ designed to remove trash, stalks, and foreign particles. (2) The removal of the outer husk by the milling stones. (3) The separation of the chaff and other substances by the screen blower and chaff fan. (4) The removal of the yellow cuticle of the grain by pestling in mortars, which is the most laborious and expensive of the several processes. (5) The separation of the rice bran from the rice grains by sifting, and the separation of the small and large grains of rice by the bush screen. (6) Polishing, which is accomplished by a horizontal, revolving drum, covered with leather, and surrounded by a cylinder of wire gauze.”
Tbe proper classification of Bengal rice for dutiable purposes was for some years prior to 1894 a subject of disagreement and litigation between tbe importers of rice and tbe government; tbe question in dispute being whether it was uncleaned, or was cleaned, rice. Tbe tariff acts of March 3,1883, and of October 1, 1890, bad imposed duties upon rice as follows: Act March 3, 1883, par. 270: “Bice, cleaned, two and a quarter cents per pound; uncleaned, one and one-half cents per pound.” Paragraph 271: “Paddy, one and a quarter cents per pound.” Act Oct. 1, 1890, par. 261: “Bice, cleaned, two cents per pound; uncleaned rice, one and a quarter cents per pound; paddy, three-fourths of one cent per pound.” It will be perceived that no statutory definition of uncleaned rice or of paddy was given in either of these paragraphs, and consequently the question at issue mainly depended upon the commercial signification of the various terms in the statutes. The juries in two cases under the act of 1883—one case before the circuit court for the district of Louisiana, and the other before the circuit court for the Southern district of New York—differed in opinion, and these conflicting verdicts were undoubtedly based upon the conflicting testimony of commercial experts in different parts of the country. To remove the uncertainties which grew out of the unwritten commercial meaning of these terms, and the continuing contest between the treasury officers and the importers, congress introduced into the act of 1894 statutory definitions of uncleaned rice and of paddy, and said that the former meant “rice free of the outer hull and still having the inner cuticle on,” and that the latter article was “rice having the outer cuticle on.” It follows from this historical statement of the motive for the rice, clauses of the act of 1894, and the consequent construction to be placed upon them, that Bengal rice is not to be classified as uncleaned rice. The next question is as to its proper classification. The importer suggests that it is not cleaned rice, which is still further advanced by a removal of the inner cuticle, and that, therefore, it is unenumerated, but, having a similitude in its character and use to uncleaned rice, it should pay the same rate of duty. The government asserts that, having been excluded from uncleaned rice, it must be regarded, for tariff purposes, as cleaned rice, but that, if unenumerated, it should pay the corresponding duty which is imposed upon that article. There is strong ground for the conclusion that congress, having excluded it from the lower grade, intended to classify it in the higher grade; but, whether that is true or not, the *889 board of general appraisers have found as-facts that the only lack of substantial resemblance in material and quality between the rice in question and cleaned rice is the presence of about Í per cent, of rice polish or flour in the former article, and its absence from the latter. The use of each is for food, the one being more merchantable than the other. ■ It follows that in materially important particulars it is cleaned rice, and should pay the same rate of duty. The decision of the circuit court is affirmed.